## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60140-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

ANDRES VILLALOBOS,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Referral from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant, Andres Villalobos ("Defendant") [ECF No. 34]. Based upon the change of plea hearing conducted on September 28, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Referral from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney and the Assistant United States Attorney, consented on the record to the undersigned conducting the change of plea hearing.

2.      Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and in accordance with Federal Rule of Criminal Procedure 11.

3.      Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and is knowingly and voluntarily waiving them.

4.      Defendant indicated he is knowingly and voluntarily pleading guilty to Count 17 of the Indictment filed in this case, which charges him with Wire Fraud in violation of Title 18, United States Code, Section 1343. [ECF No. 3]. I advised Defendant the maximum penalty the Court may impose, pursuant to Title 18, United States Code, Section 1343, is a term of up to 20 years imprisonment, followed by supervised release of up to 3 years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, may order forfeiture and restitution, and will assess a mandatory special assessment of $100, which is due at the time of sentencing. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5.      Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6.      Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7.      To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 36]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crime charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8.      The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 37]. The plea agreement includes certain terms agreed by the parties.

9.      I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Count 17 of the Indictment, and the Government will seek dismissal of Counts 16 and 18–21 of the Indictment as to Defendant after sentencing; the parties agree that they will jointly recommend at sentencing that the Court reduce by two levels the applicable Sentencing Guidelines level based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility; the parties agree that, if at the time of sentencing, Defendant's offense level is determined to be 16 or greater, the United States Attorney's Office will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, as long as Defendant complies with the obligations set forth in the plea agreement; the parties agree that they will recommend a base offense level of 7 under Section 2B1.1 of the Sentencing Guidelines; the parties agree that the intended loss in this case was between $15,000 and $40,000, resulting in a four-level increase under Section 2B1.1 of the Sentencing Guidelines; and the parties agree that the amount of restitution in this case is $29,613.

10.     There were no other agreements regarding the application of the Sentencing Guidelines or other enhancements or reductions that may be raised at the time of sentencing.

11.     Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case and details of the plea agreement with his attorney.

12.     Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

13.     Defendant acknowledged he agrees that in the event he does not plead guilty or otherwise fully comply with any of the provisions of the plea agreement, Defendant waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines, as well as any protection afforded by Federal Rule of Criminal Procedure 11. Defendant further acknowledged he understands that in the event he decides not to plead guilty, any statements previously made by him prior to or as part of the plea agreement, including his factual proffer or as part of any plea discussions, will be fully admissible against him in any civil or criminal proceedings, notwithstanding any prior agreement with the Government.

14.     Defendant also acknowledged that he agreed to the forfeiture of any property used or intended to be used in the charged offenses and any property derived from such violations. Defendant acknowledged that he will cooperate with the Government for the forfeiture and recovery of all assets identified by the Government as subject to forfeiture. Defendant also acknowledged that he understood that he is waiving all Constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution, and that he is waiving any applicable time

4

limits for forfeiture proceedings as well as the right to appeal the forfeiture. The undersigned finds that Defendant's waiver of his rights under the Eighth Amendment is knowing and voluntary. The Government agreed to prepare a proposed preliminary order of forfeiture and to provide a copy to defense counsel for comment before filing with the Court.

15.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

16.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count 17 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

17.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

18.     Although this Report and Recommendation is entered this 2nd day of October, 2023, the undersigned announced the Recommendation herein on the record at the change of plea hearing on September 28, 2023, and, therefore, this Recommendation is effective as of that date.

As agreed by the parties during the change of plea hearing, the parties will have five (5) calendar days from the date of the change of plea hearing (up to October 3, 2023) within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and

accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 2 nd day of October, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record